Jared B. Pearson (12200)
PEARSON LAW FIRM, PLLC
9192 South 300 West, Suite 35
Sandy, Utah 84070
Tele: (801) 888-0991
jared@pearsonlawfirm.org
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## NORTHERN DIVISION

| | | |
|---|---|---|
| JODY PIXTON, | ) | |
| | ) | COMPLAINT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | Judge: |
| N.A.R., INC., doing business as | ) | |
| NORTH AMERICAN RECOVERY, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S COMPLAINT

Plaintiff, JODY PIXTON ("Plaintiff"), by and through his attorneys, alleges the following against Defendant, N.A.R., INC., doing business as NORTH AMERICAN RECOVERY ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. § 227, et seq. ("TCPA").

### JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k (FDCPA).

1

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

5. Plaintiff is a natural person residing in Liberty, Weber County, State of Utah.

6. Defendant is a Utah business corporation and debt collection agency based in West Valley City, Salt Lake County, State of Utah.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of

telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect consumer debts from Plaintiff, allegedly owed by Plaintiff.

18. The alleged debts at issue arise from transactions for personal, family, and household purposes.

19. Defendant is attempting to collect debts from Plaintiff, which were discharged in bankruptcy pursuant to 11 U.S.C. § 727.

20. Defendant had actual notice of the Plaintiff's bankruptcy filing and the subsequent discharge.

21. Yet, in or around October 2018, Defendant began placing telephone calls to Plaintiff on his telephone numbers of 385-298-5081 and 801-920-1350 in an attempt to collect the alleged debts.

22. Defendant calls Plaintiff from several telephone numbers, including, 801-236-7593, which is one of Defendant's telephone numbers.

23. On or about October 29, 2018, Plaintiff answered one of Defendant's collection calls and spoke to one of Defendant's collectors.

24. During the above-referenced telephone conversation, Plaintiff told Defendant's collector to stop calling him.

25. Despite being told by Plaintiff to stop calling him, Defendant continued to place collection calls to Plaintiff unabated.

26. Defendant calls Plaintiff at an annoying and harassing rate.

27. The natural consequences of Defendant's actions were to unjustly condemn and vilify Plaintiff for his non-payment of the alleged debts.

28. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

29. The natural consequences of Defendant's actions were to cause Plaintiff mental distress.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

30. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant attempted to collect debts from Plaintiff, which were discharged pursuant to 11 U.S.C. § 727;

    b. Defendant further violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant continued to call Plaintiff after being told not to by Plaintiff;

    c. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant continued to call Plaintiff after being told not to by Plaintiff;

    d. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

e. Defendant further violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant created the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiff with impunity despite Defendant being told to stop calling Plaintiff;

f. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt Defendant attempted to collect debts from Plaintiff, which were discharged pursuant to 11 U.S.C. § 727;

g. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant attempted to collect debts from Plaintiff which were discharged pursuant to 11 U.S.C. § 727;

h. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein; and

i. Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt when Defendant engaged in all the misconduct alleged herein.

WHEREFORE, Plaintiff, JODY PIXTON, respectfully requests judgment be entered against Defendant, N.A.R., INC., doing business as NORTH AMERICAN RECOVERY, for the following:

31. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

32. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

33. Any other relief that this Honorable Court deems appropriate.

                                RESPECTFULLY SUBMITTED,

DATED: March 18, 2019        By: /s/ Jared B. Pearson
                                         Jared B. Pearson (12200)
                                         PEARSON LAW FIRM, PLLC
                                         9192 South 300 West, Suite 35
                                         Sandy, Utah 84070
                                         Tele: (801) 888-0991
                                         jared@pearsonlawfirm.org
                                         Attorney for Plaintiff